Justin Cilenti (GC 2321)
Peter Hans Cooper (PHC 4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
E-mail: pcooper@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NATALY GALLEGO, JAVIER A. PEREZ, RAMON ANTONIO PORTILLO, JHEINDY ARACELY SERRANO, ANDRES PUERTO NOVOA, and YAMILETH RAMIREZ LARA, *on behalf of themselves, and others similarly situated,* | Case No.:   22 CV 6253 |
| | **COMPLAINT in an FLSA ACTION** |
| Plaintiffs, | ECF Case |
| -against- | |
| 160 ADAMS AVE RESTAURANT GROUP CORP., dba CAPICU RESTAURANT, and ANGELO BRAVO, and ERIC SEDA, *individually,* | Jury Trial Demand |
| Defendants. | |

---

Plaintiffs, Nataly Gallego, Javier A. Perez, Ramon Antonio Portillo, Jheindy Aracely Serrano, Andrew Puerto Novoa, and Yamileth Ramirez Laea, (collectively, "Plaintiffs"), on behalf of themselves, and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, 160 Adams Ave Restaurant Group Corp., *dba* Capicu Restaurant, or any other business entity doing business as Capicu Restaurant, at 160 Adams Avenue, Hauppauge, New York 11788 (herein "Capicu Restaurant"); and Angelo Bravo and Eric Seda, individually (all defendants, collectively,  "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2.      Plaintiffs further allege, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES AND SUMMARY OF ALLEGATIONS

5.      Plaintiffs are adult residents of the New York State.

6.      Plaintiffs and other similarly situated employees, worked for the corporate and individual defendants.

7.      Defendant, 160 Adams Ave Restaurant Group Corp., *dba* "Capicu Restaurant", is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at 160 Adams Avenue, Hauppauge, New York 11788.

8.      Upon information and belief, Defendant, Angelo Bravo, is an owner, general manager, officer, director and/or managing agent of Capicu Restaurant, whose address is unknown at this time and who participated in the day-to-day operations and general management of Capicu Restaurant, acted intentionally with regard to the allegations set forth herein, and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and as such, is jointly and severally liable with Capicu Restaurant.

9.      Upon information and belief, Defendant, Eric Seda, is an owner, general manager, officer, director and/or managing agent of Capicu Restaurant, whose address is unknown at this time and who participated in the day-to-day operations and general management of Capicu Restaurant, acted intentionally with regard to the allegations set forth herein, and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and as such, is jointly and severally liable with Capicu Restaurant.

10.     The individual defendants Angelo Bravo and Eric Seda, both exercised control over the terms and conditions of their employees' employment, including Plaintiffs, in that they have and have had the power to: (i) hire and fire employees, (ii)

determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

11.     At all times relevant to this action, Defendant Angelo Bravo, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

12.     Defendant Angelo Bravo exercised sufficient control over Capicu Restaurant's day-to-day operations as to be considered an employer of the Plaintiffs and others similarly situated, under the FLSA and New York Labor Law.

13.     At all times relevant to this action, Defendant Eric Seda, created and implemented crucial business policies, including decisions concerning the number of hours the employees were required to work, the amount of pay that the employees were entitled to receive, and the method and manner by which the employees were to be paid.

14.     Defendant Eric Seda exercised sufficient control over Capicu Restaurant's day-to-day operations as to be considered an employer of the Plaintiffs and others similarly situated, under the FLSA and New York Labor Law.

15.     Defendants employed Plaintiffs and approximately thirty (30) other persons at any given time, in Suffolk County, New York.

16.     Plaintiff, Nataly Gallego, was employed by Defendants in Suffolk County, New York, as a cook, at Defendants' restaurant known as "Capicu", beginning on or about February 14, 2021, through on or about June 28, 2022, without interruption.

17.     Plaintiff, Javier A. Perez, was employed by Defendants in Suffolk County, New York, as a cook, at Defendants' restaurant known as "Capicu", beginning on or about February 7, 2021, through on or about June 28, 2022, without interruption.

18.     Plaintiff, Ramon Antonio Portillo, was employed by Defendants in Suffolk County, New York, as a cook, at Defendants' restaurant known as "Capicu", beginning on or about February 25, 2022, through on or about June 20, 2022, without interruption.

19.     Plaintiff, Jheindy Aracely Serrano, was employed by Defendants in Suffolk County, New York, as a cook and dishwasher, at Defendants' restaurant known as "Capicu", beginning on or about February 23, 2021, through on or about June 28, 2022, without interruption.

20.     Plaintiff, Andres Puerto Novoa, was employed by Defendants in Suffolk County, New York, as a hookah assistant / sales person, at Defendants' restaurant known as "Capicu", beginning on or about February 14, 2021, through on or about August 6, 2022, without interruption.

21.     Plaintiff, Yamileth Ramirez Lara, was employed by Defendants in Suffolk County, New York, as a hookah assistant / sales person, at Defendants' restaurant known as "Capicu", beginning on or about February 14, 2021, through on or about August 6, 2022, without interruption.

22.     During each of the three (3) most recent years, and prior thereto, Capicu Restaurant, located at 160 Adams Avenue, in Hauppauge, through corporate entities, continuously operated a large restaurant and bar which served food, drink and hookah experiences to the general public.

23.     Defendant, Capicu Restaurant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has and had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and had an annual gross volume of sales of at least $500,000.

24.     At all relevant times, Capicu Restaurant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

25.     At all relevant times, the work performed by Plaintiffs, was directly essential to the restaurant business operated by defendants.

26.     Plaintiffs handled food products, cleaning products, other goods and currency which traveled interstate and internationally.

27.     Plaintiffs were paid "off the books", or partially off the books, and were employees of the restaurant owned and operated by Angelo Bravo and Eric Seda.

28.     Defendants engaged in widespread, systematic and significant violations of Federal and New York State wage and hour statutes and implementing regulations.

29.     The defendant corporation is owned, operated, and controlled by Angelo Bravo and Eric Seda.

30.     At all relevant times, through present, Defendants knowingly and willfully failed and fail to pay Plaintiffs lawfully earned wages, in contravention of the FLSA and New York Labor Law.

31.     At all relevant times, through present, Defendants knowingly and willfully failed and fail to pay Plaintiffs lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

32.     At relevant times, through present, Defendants knowingly and willfully failed and fail to pay Plaintiffs lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

33.     At relevant times, through present, Defendants knowingly and willfully failed and fail to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

34.     Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## DETAILED STATEMENT OF FACTS

35.     Defendant, Angelo Bravo, is an individual who, upon information and belief, owns the stock of Capicu Restaurant, owns Capicu Restaurant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

36.     Defendant, Eric Seda, is an individual who, upon information and belief, owns the stock of Capicu Restaurant, owns Capicu Restaurant, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

37.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees wages for hours worked; minimum wages; and either the FLSA overtime rate (of time and one-half), or the New

York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and corresponding federal and New York State Department of Labor Regulations.

### a. Plaintiff Nataly Gallego

38.    On or about February 14, 2021, Plaintiff, Nataly Gallego, was hired by Defendants to work as a cook, at Defendants' restaurant serving Latin / fusion cuisine, known as "Capicu Restaurant" located at 360 Adams Avenue, Hauppauge, New York 11788.

39.    Plaintiff, Nataly Gallego, was continuously employed by Defendants, between February 2021 through late June 2022.

40.    During the first six (6) months of her employment, Plaintiff Nataly Gallego had the following work schedule:

| | |
|---|---|
| Mondays | 11:00 a.m. to 9:00 p.m. |
| Tuesdays | 11:00 a.m. to 9:00 p.m. |
| Wednesdays | 11:00 a.m. to 9:00 p.m. |
| Thursdays | 11:00 a.m. to 9:00 p.m. |
| Fridays | 11:00 a.m. to midnight |
| Saturdays | 11:00 a.m. to midnight |
| Sundays | 11:00 a.m. to 9:30 p.m. |

41.    Plaintiff Nataly Gallego worked a total of approximately seventy-six and a half (76 ½) hours per week. She was paid sixteen dollars ($16.00) per hour, for all hours worked.

42.    After six (6) months, Plaintiff Nataly Gallego was allowed to take one (1) day off per week (Mondays), but her schedule was otherwise the same. She worked approximately sixty-six and a half (66 ½) hours per week. Her pay was increased to eighteen dollars ($18.00) per hour, for all hours worked.

43.     In March 2022, Plaintiff Nataly Gallego's compensation was increased to twenty dollars ($20.00) per hour, for all hours worked.

44.     Plaintiff was paid the same regular rate for all hours worked, without an overtime premium for hours worked in excess of forty (40) per week.

45.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

46.     Plaintiff did punch a time clock to keep track of her working hours and she was paid by company check without a wage statement or document reflecting her hours and wages.

### b.     Plaintiff Javier A. Perez

47.     On or about February 7, 2021, Plaintiff, Javier A. Perez, was hired by Defendants to work as a cook, at Defendants' restaurant serving Latin / fusion cuisine, known as "Capicu Restaurant" located at 360 Adams Avenue, Hauppauge, New York 11788.

48.     Plaintiff, Javier A. Perez, was continuously employed by Defendants, between February 2021 through late June 2022.

49.     During the first six (6) months of his employment, Plaintiff Javier A. Perez had the following work schedule:

| | |
|---|---|
| Mondays | 11:00 a.m. to 11:00 p.m. |
| Tuesdays | 11:00 a.m. to 11:00 p.m. |
| Wednesdays | 11:00 a.m. to 11:00 p.m. |
| Thursdays | 11:00 a.m. to 11:00 p.m. |
| Fridays | 11:00 a.m. to 11:00 p.m. |
| Saturdays | 11:00 a.m. to 11:00 p.m. |
| Sundays | 11:00 a.m. to 11:00 p.m. |

50.     Plaintiff Javier A. Perez worked a total of approximately eighty-four (84) hours per week. He was paid eighteen dollars ($18.00) per hour, for all hours worked.

51.     After six (6) months, Plaintiff Javier A. Perez was allowed to take one (1) day off per week (Mondays), but his schedule was otherwise the same. He worked approximately seventy-two (72) hours per week. His pay was increased to twenty dollars ($20.00) per hour, for all hours worked.

52.     In February 2022, Plaintiff Javier A. Perez's compensation was increased to twenty-two dollars ($22.00) per hour, for all hours worked.

53.     Then one month later, in March 2022, Plaintiff Javier A. Perez's compensation was increased to twenty-five dollars ($25.00) per hour, for all hours worked.

54.     Plaintiff was paid the same regular rate for all hours worked, without an overtime premium for hours worked in excess of forty (40) per week.

55.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

56.     Plaintiff punched a time clock to keep track of his working hours and he was paid by company check without a wage statement or document reflecting his hours and wages.

### c.     Plaintiff Ramon Antonio Portillo

57.     On or about February 25, 2022, Plaintiff, Ramon Antonio Portillo, was hired by Defendants to work as a cook, at Defendants' restaurant serving Latin / fusion

cuisine, known as "Capicu Restaurant" located at 360 Adams Avenue, Hauppauge, New York 11788.

58.     Plaintiff, Ramon Antonio Portillo, was continuously employed by Defendants, between February 2021 through late June 2022.

59.     During his employment, Plaintiff Ramon Antonio Portillo had the following work schedule:

| | |
|---|---|
| Mondays | off |
| Tuesdays | 11:00 a.m. to 11:00 p.m. (or sometimes off) |
| Wednesdays | 11:00 a.m. to 11:00 p.m. |
| Thursdays | 11:00 a.m. to 11:00 p.m. |
| Fridays | 11:00 a.m. to 11:00 p.m. |
| Saturdays | 11:00 a.m. to 11:00 p.m. |
| Sundays | 11:00 a.m. to 11:00 p.m. |

60.     Plaintiff Ramon Antonio Portillo worked a total of approximately sixty (60) or seventy-two (72) hours per week. He was paid fourteen dollars ($14.00) per hour, for all hours worked.

61.     Plaintiff was paid the same regular rate for all hours worked, without an overtime premium for hours worked in excess of forty (40) per week.

62.     Plaintiff Ramon Antonio Portillo was paid less than the New York State minimum wage.

63.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

64.     Plaintiff punched a time clock to keep track of his working hours and he was paid by company check without a wage statement or document reflecting his hours and wages.

### d.   Plaintiff Jheindy Aracely Serrano

65.   On or about February 23, 2021, Plaintiff, Jheindy Aracely Serrano, was hired by Defendants to work as a cook, at Defendants' restaurant serving Latin / fusion cuisine, known as "Capicu Restaurant" located at 360 Adams Avenue, Hauppauge, New York 11788.

66.   Plaintiff, Jheindy Aracely Serrano, was continuously employed by Defendants, between February 2021 through late June 2022.

67.   During the first month of her employment, Plaintiff Jheindy Aracely Serrano worked as a cook, approximately sixty (60) or more hours per week.

68.   Plaintiff Jheindy Aracely Serrano worked beginning at 11:00 a.m. and often ended at 11:00 p.m. or later, sometimes as late as 1:00 a.m. She worked a typical shift of twelve (12) or more hours, five (5) or six (6) days per week.

69.   Plaintiff Jheindy Aracely Serrano worked a total of approximately sixty (60) hours per week. She was paid fourteen dollars ($14.00) per hour, for all hours worked, in the beginning.

70.   After approximately one (1) month, Plaintiff Jheindy Aracely Serrano was assigned to be a dishwasher. She continued to work approximately sixty (60) hours per week and her compensation was changed to a salary of seven hundred dollars ($700.00) per week, for all hours worked.

71.   When she was a dishwasher, Plaintiff Jheindy Aracely Serrano was improperly paid a salary, not an hourly wage, and she was not paid for all hours worked or given overtime compensation.

72.     Beginning in October 2021, Plaintiff Jheindy Aracely Serrano was again assigned to be a cook. Her salary was increased at that time, to fifteen dollars ($15.00) per hour.

73.     Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiff and other similarly situated employees.

74.     Plaintiff punched a time clock to keep track of her working hours and she was paid by company check without a wage statement or document reflecting her hours and wages.

### e.     Plaintiff Andres Puerto Novoa

75.     On or about February 14, 2022, Plaintiff, Andres Puerto Novoa, was hired by Defendants to work as a hooker sales person and assistant, at Defendants' restaurant serving Latin / fusion cuisine, known as "Capicu Restaurant" located at 360 Adams Avenue, Hauppauge, New York 11788.

76.     Plaintiff, Andres Puerto Novoa, was continuously employed by Defendants, between February 2021 through August 2022.

77.     During his employment, Plaintiff Andres Puerto Novoa generally worked between thirty-five (35) and forty (40) hours per week. He was not paid hourly.

78.     Plaintiff Andres Puerto Novoa was paid five dollars ($5.00) for each Hookah that he sold or refilled. This yielded a regular hourly rate below the New York State minimum wage.

79.    For a typical seven (7) or eight (8) hour shift, Plaintiff Andres Puerto Novoa would be compensation approximately thirty-five dollars ($35.00) to sixty dollars ($60.00). There were days when he received no compensation.

80.    At all times relevant to this action, Plaintiff Andres Puerto Novoa was paid less than the New York State minimum wage.

81.    Plaintiff did not punch a time clock or otherwise keep track of his working hours and he was not paid hourly. He was paid by cash.

82.    Plaintiff Andres Puerto Novoa was not paid the spread of hours premium when he worked a shift in excess of ten (10) hours, which occurred typically on Sundays.

83.    Some weeks, Plaintiff Andrew Puerto Novoa worked forty-one (41) or forty-two (42) hours. He was not paid hourly and did not receive overtime compensation.

### f.    Plaintiff Yamileth Ramirez Lara

84.    On or about February 14, 2022, Plaintiff, Yamileth Ramirez Lara, was hired by Defendants to work as a hooker sales person and assistant, at Defendants' restaurant serving Latin / fusion cuisine, known as "Capicu Restaurant" located at 360 Adams Avenue, Hauppauge, New York 11788.

85.    Plaintiff, Yamileth Ramirez Lara, was continuously employed by Defendants, between February 2021 through August 2022.

86.    During her employment, Plaintiff Yamileth Ramirez Lara generally worked between thirty-five (35) and forty-two (42) hours per week. She was not paid hourly.

87.     Plaintiff Yamileth Ramirez Lara was paid five dollars ($5.00) for each Hookah that she sold or refilled. This yielded a regular hourly rate below the New York State minimum wage.

88.     For a typical seven (7) or eight (8) hour shift, Plaintiff Yamileth Ramirez Lara would be compensation approximately thirty-five dollars ($35.00) to sixty dollars ($60.00). There were days when she received no compensation.

89.     At all times relevant to this action, Plaintiff Yamileth Ramirez Lara was paid less than the New York State minimum wage.

90.     Plaintiff did not punch a time clock or otherwise keep track of her working hours and he was not paid hourly. She was paid by cash.

91.     Plaintiff Yamileth Ramirez Lara was not paid the spread of hours premium when he worked a shift in excess of ten (10) hours, which occurred typically on Sundays.

92.     Some weeks, Plaintiff Yamileth Ramirez Lara worked forty-one (41) or forty-two (42) hours. She was not paid hourly and did not receive overtime compensation.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

93.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "92" of this Complaint as if fully set forth herein.

94.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

95.     At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

96.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

97.     Plaintiffs worked hours for which they were paid less than the statutory minimum hourly wage; hookah sales persons at Capicu Restaurant were not paid hourly wages.

98.     None of the workers at Capicu received overtime premium pay.

99.     At relevant times, Defendants had and have a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, for some hours worked.

100.    All Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum, or when higher, their regular rate of pay, for all hours worked in excess of the maximum hours provided for in the FLSA.

101.    Defendants failed to pay all Plaintiffs, and other employees similarly situated, overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

102.    At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs, for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

103.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs, at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure them.

104.     Defendants failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

105.     Some records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs may be in the possession and custody of the Defendants. If Plaintiffs obtain such records by appropriate discovery proceedings to be taken promptly in this case they will, if necessary and with leave of Court, amend this Complaint to set forth the precise amounts due.

106.     Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

107.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

108.     Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and pre-judgment interest thereon.

109.    Plaintiff are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

110.    Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "109" of this Complaint as if fully set forth herein.

111.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

112.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for hours worked; and minimum wages in the lawful amount for hours worked.

113.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay, or their regular rate where higher than the statutory minimum wage, for each hour worked in excess of forty (40) hours in a workweek.

114.    Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

115.    Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
### [Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]

116.     Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "115" of this Complaint as if fully set forth herein.

117.     Upon information and belief, Defendant's record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying for their full hours worked; and, overtime due.

118.     Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

119.     Plaintiffs were not provided with a proper, written wage notice, as required by law.

120.     The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

121.     Plaintiffs were not provided wage statements, as required by law.

122.     Defendants' failure to provide an accurate annual wage notice entitles each Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

123.     Defendants' failure to provide a weekly wage statement entitles each Plaintiff to statutory damages in the amount of two hundred fifty dollars ($250.00) for

each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

124.    Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a)    An award of unpaid wages and minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f)    An award of prejudgment and post-judgment interest;

(g)    An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(h)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully demand a trial by jury on all issues.

Dated: New York, New York
       October 17, 2022

Respectfully submitted,

By:    _____
       Peter Hans Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     Angelo Bravo

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs herein intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of 160 Adams Ave Restaurant Group Corp., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
       October 17, 2022

Respectfully submitted,

By:     _____
        Peter Hans Cooper  (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone  (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

## NOTICE OF INTENTION TO ENFORCE MEMBER
## LIABILITY FOR SERVICES RENDERED

To:     Eric Seda

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Plaintiffs herein intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of 160 Adams Ave Restaurant Group Corp., for all debts, wages and / or salaries due and owing to them as laborers, servants, and / or employees of said corporation, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: New York, New York
        October 17, 2022

                                        Respectfully submitted,

By:     _____
                    Peter Hans Cooper  (PHC 4714)

        CILENTI & COOPER, PLLC
        **Attorneys for Plaintiffs**
        60 East 42nd Street – 40th Floor
        New York, NY 10165
        Telephone  (212) 209-3933
        Facsimile (212) 209-7102
        E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Nataly Gallego_ , am an employee currently or
formerly employed by _Capicu Rest._ , and/or related
entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_October 5_ , 2022

_Nataly Gallego lopez_

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Javier A. Perez_____, am an employee currently or

formerly employed by _____Capica Rest._____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_October 5___ , 2022

JAVIER A PEREZ

**CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT**

I, _____Ramon Antonio Portillo_____, am an employee currently or

formerly employed by _____Capicu Restaurant_____, and/or related

entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____October 4_____ , 2022

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _____Andres Puerto Novoa_____, am an employee currently or formerly employed by _____Capiru_____, and/or related entities.  I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
10-05-2022 , 2022

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, _Yamileth Ramirez Lara_, am an employee currently or formerly employed by _Capicu Resl._, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_October 6_, 2022

_Yamileth Ramirez_