```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
NATALY GALLEGO, JAVIER A. PEREZ,
RAMON ANTONIO PORTILLO,
JHEINDY ARACELY SERRANO,
ANDRES PUERTO NOVOA, and
YAMILETH RAMIREZ LARA,

                                    Plaintiffs,

        -against-

160 ADAMS AVE RESTAURANT GROUP CORP.,
dba CAPICU RESTAURANT, and
ANGELO BRAVO and ERIC SEDA, individually,

                                    Defendants.
----------------------------------------------------------------------X
```

For Online Publication Only

FILED
CLERK
1:46 pm, Sep 15, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

ORDER
22-CV-06253 (JMA) (LGD)

**AZRACK, United States District Judge:**

Before the Court is Plaintiffs' motion for a default judgment against Defendants. (ECF No. 12.) Plaintiffs allege that Defendants: (i) failed to pay minimum and/or overtime wages in violation of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") §§ 650 et seq.; (ii) failed to pay "spread of hours" premiums for each day they worked in excess of 10 hours in violation of the NYLL; and (iii) failed to provide Plaintiffs with wage notices and wage statements as required by NYLL §§ 195(1) and 195(3), respectively. For the following reasons, Plaintiffs' motion is GRANTED.

### I.   DISCUSSION

#### A.   Defendants Defaulted

Defendants were properly served with summonses and copies of the complaint, but have not answered, filed an appearance, or otherwise defended this action. As a result, the Clerk of Court properly entered a certificate of Defendants' default on January 26, 2023. (ECF No. 9.)

#### B.   Liability

When a defendant defaults, the Court is required to accept all factual allegations in the

complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

The Court finds that the well-pleaded allegations in the Complaint meet the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. See 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; see also Guerrero v. Danny's Furniture Inc., No. 19-CV-7284, 2021 WL 4155124, at *2 (S.D.N.Y. Sept. 13, 2021). The Court further finds that the allegations in the Complaint establish violations of: (i) the overtime and minimum wage provisions of the FLSA, see 29 U.S.C. §§ 206(a), 207(a)(1); and (ii) the overtime, minimum wage, spread of hours, wage notice, and wage statement provisions of the NYLL, see NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4; see also Guerrero, 2021 WL 4155124, at *2.

**C.** **Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

In their default judgment motion, Plaintiffs seek recovery of (i) unpaid minimum and/or overtime wages, (ii) unpaid spread of hours premiums, (iii) liquidated damages, (iv) statutory

damages for their NYLL wage notice and wage statement claims, and (v) prejudgment interest.

The Court finds that Plaintiffs' submissions, including the declarations and attached exhibits, establish the following damages to a reasonable certainty:

1. **Plaintiff Gallego**

   - $18,507.00 in unpaid overtime wages under the NYLL[1], plus 12 months' prejudgment interest at a 9% annual rate;

   - $3,195.00 in spread of hours premiums;

   - $21,702.00 in liquidated damages under the NYLL;

   - $5,000.00 for violation of NYLL § 195(1); and

   - $5,000.00 for violation of NYLL § 195(3).

2. **Plaintiff Perez**

   - $26,200.00 in unpaid overtime wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;

   - $6,810.00 in spread of hours premiums;

   - $33,010.00 in liquidated damages under the NYLL;

   - $5,000.00 for violation of NYLL § 195(1); and

   - $5,000.00 for violation of NYLL § 195(3).

3. **Plaintiff Portillo**

   - $5,304.00 in unpaid minimum and overtime wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;

   - $1,530.00 in spread of hours premiums;

---

[1] The Court will award damages to Plaintiffs under the NYLL rather than under the FLSA, as the NYLL allows for greater recovery. This is because the NYLL, unlike the FLSA, permits employees to recover prejudgment interest on unpaid overtime wages. NYLL § 198. However, employees may not recover prejudgment interest on liquidated damages or statutory damages for violations of the NYLL's wage statement or wage notice provisions. See Teofilo v. Real Thai Cuisine Inc., No. 18-CV-7238, 2021 WL 22716, at *4 (S.D.N.Y. Jan. 4, 2021) (awarding prejudgment interest on unpaid wages, but not on liquidated damages or damages for wage statement and wage notice violations, at 9% annual rate).

- $6,834.00 in liquidated damages under the NYLL; and
- $5,000.00 for violation of NYLL § 195(1); and
- $5,000.00 for violation of NYLL § 195(3).

4. **Plaintiff Serrano**

- $20,550.00 in unpaid minimum and overtime wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;
- $5,250.00 in spread of hours premiums;
- $25,800.00 in liquidated damages under the NYLL;
- $5,000.00 for violation of NYLL § 195(1); and
- $5,000.00 for violation of NYLL § 195(3).

5. **Plaintiff Novoa**

- $20,036.55 in unpaid minimum wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;
- $20,036.55 in liquidated damages under the NYLL;
- $5,000.00 for violation of NYLL § 195(1); and
- $5,000.00 for violation of NYLL § 195(3).

6. **Plaintiff Lara**

- $20,036.55 in unpaid minimum wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;
- $20,036.55 in liquidated damages under the NYLL;
- $5,000.00 for violation of NYLL § 195(1); and
- $5,000.00 for violation of NYLL § 195(3).

D. **Attorney's Fees**

Finally, Plaintiffs also request $10,590.00 in attorney's fees and $572.50 in costs.

Plaintiffs are entitled to reasonable attorney's fees and costs under the FLSA and NYLL.

See 29 U.S.C. § 216(b); NYLL § 663(1). In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

"In recent years, courts have approved the following hourly rates for attorneys practicing in the Eastern District of New York: $200 to $450 for partners in law firms, $200 to $325 for senior associates, $100 to $200 for junior associates. . . . Some judges have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associates." Payamps v. M & M Convenience Deli & Grocery Corp., No. 16-CV-4895, 2019 WL 8381264, at *15 (E.D.N.Y. Dec. 9, 2019) (internal citations and quotation marks omitted).

Plaintiffs request $400 per hour for approximately 30 hours of work performed by their counsel, Peter H. Cooper, who was admitted to the Southern District of New York bar in 1997. The Court finds that the rate requested and the hours expended are reasonable. Accordingly, Plaintiffs are awarded $10,590.00 in attorney's fees.

Plaintiffs also request litigation costs of $572.50 for filing fees and process server fees. The Court accepts this figure as reasonable and awards Plaintiffs $572.50 in costs.

## II.    CONCLUSION

For the reasons stated above, Plaintiffs' motion for a default judgment is GRANTED.

The Clerk of Court is respectfully directed to prepare a judgment reflecting the Court's holding. Defendants shall be jointly and severally liable for Plaintiffs' damages, which are set forth below. See Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 35–38 (E.D.N.Y. 2015) ("As the Court has found that . . . Defendants were jointly Plaintiffs' employers, each Defendant is jointly and severally liable under the FLSA and the NYLL for any damages award made in Plaintiffs' favor." (collecting cases)).

1. **Plaintiff Gallego**

- $18,507.00 in unpaid overtime wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;
- $3,195.00 in spread of hours premiums;
- $21,702.00 in liquidated damages under the NYLL; and
- $10,000.00 for violation of NYLL §§ 195(1), 195(3).

2. **Plaintiff Perez**

- $26,200.00 in unpaid overtime wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;
- $6,810.00 in spread of hours premiums;
- $33,010.00 in liquidated damages under the NYLL; and
- $10,000.00 for violation of NYLL §§ 195(1), 195(3).

3. **Plaintiff Portillo**

- $5,304.00 in unpaid minimum and overtime wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;
- $1,530.00 in spread of hours premiums;
- $6,834.00 in liquidated damages under the NYLL; and
- $10,000.00 for violation of NYLL §§ 195(1), 195(3).

4. **Plaintiff Serrano**

- $20,550.00 in unpaid minimum and overtime wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;

- $5,250.00 in spread of hours premiums;

- $25,800.00 in liquidated damages under the NYLL; and

- $10,000.00 for violation of NYLL §§ 195(1), 195(3).

5. **Plaintiff Novoa**

- $20,036.55 in unpaid minimum wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;

- $20,036.55 in liquidated damages under the NYLL; and

- $10,000.00 for violation of NYLL §§ 195(1), 195(3).

6. **Plaintiff Lara**

- $20,036.55 in unpaid minimum wages under the NYLL, plus 12 months' prejudgment interest at a 9% annual rate;

- $20,036.55 in liquidated damages under the NYLL; and

- $10,000.00 for violation of NYLL §§ 195(1), 195(3).

If any amounts remain unpaid upon the expiration of 90 days following issuance of judgment, or 90 days after the expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by 15%. NYLL § 198(4).

Plaintiffs are awarded attorney's fees in the amount of $10,590.00, and costs in the amount of $572.50.

Plaintiffs are also awarded post-judgment interest at the statutorily prescribed federal rate, see 28 U.S.C. § 1961.

Plaintiffs' counsel is directed to serve a copy of this Order and the Clerk's Judgment on

Defendants and file proof of service on the docket.

The Clerk of Court is respectfully directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated:  September 15, 2023
Central Islip, New York

_____/s/  (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
